IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | No. C 07-6155 MJJ (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL** |
| v. | ) ) | |
| BARRY LAMAR BONDS, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42 U.S.C. § 1983 against Barry Lamar Bonds ("Bonds").

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Bonds lied to him, cheated, and is influencing other athletes to use

G:\PRO-SE\MJJ\CR.07\riches61.dsm.wpd

1 steroids. Plaintiff claims that he is "personally offended" by Bonds. Plaintiff also alleges that
2 Bonds gave steroids to the San Andreas Fault in 1989, casing it to go "on a steroid rage." As a
3 private individual, Barry Bonds does not act under color of state law, an essential element of
4 a § 1983 action.  <u>See</u> <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980).  Purely private conduct,
5 no matter how wrongful, is not covered under § 1983.  <u>See</u> <u>Ouzts v. Maryland Nat'l Ins. Co.</u>,
6 505 F.2d 547, 559 (9th Cir. 1974), <u>cert. denied</u>, 421 U.S. 949 (1975).  Accordingly, plaintiff
7 has failed to state a cognizable claim for relief under § 1983.
8     For the foregoing reasons, this action is DISMISSED.
9     The Clerk shall close the file.
10     IT IS SO ORDERED.
11 DATED: December 21, 2007      _____
                                       MARTIN J. JENKINS
12                                        United States District Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G:\PRO-SE\MJJ\CR.07\riches61.dsm.wpd     2